FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ 2 0 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NATHAN SASONOV,

                Petitioner,

-against-

THE UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

07-CV-1325 (BMC)

COGAN, United States District Judge:

Petitioner Nathan Sasonov, who is currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* petition ostensibly pursuant to 28 U.S.C. § 2241.

It is unclear from his Petition exactly what relief Petitioner is seeking. He indicates that he pled guilty to a charge of Bribery of a Customs Official, which is a violation of 18 U.S.C. § 201(b)(1), and was sentenced in June 2006 by the United States District Court for the District of New Jersey. Petitioner suggests that "the Plea was violated" and that his sentence was excessive in light of the minor role he played in the commission of the crime. ("Relief Under 28 U.S.C. at 510 Motion to Vacate Sentence" ("Petition") at 2.) He also argues that his crime should be classified as a "crime of moral turpitude" rather than as an "aggravated felony." (Petition at 2; "Brief in Support of Motion for Relief under 28 U.S.C. at 510 (2241 and 2243) Motion to Vacate Sentence" ("Brief") at 3.) Petitioner requests that the Court "[s]et aside and vacate the current sentence as illegal to halt Petitioner's current Deportation Order." (Petition at 3.)

To the extent that Petitioner may be seeking to challenge a final order of removal pursuant to 28 U.S.C. § 2241, this Court has no jurisdiction to review such a petition. The REAL

ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, 119 Stat. 231, 310-11, codified at 8 U.S.C. § 1252(a)(5), provides that the "sole and exclusive" means for challenging an order of removal is "[a] petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5); see also Marquez-Almanzar v. I.N.S., 418 F.3d 210, 215 (2d Cir. 2005) (finding that 8 U.S.C. § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal). If Petitioner is subject to a final order of removal and wishes to mount a challenge to that order in federal court, he may file his petition in the court of appeals for the judicial circuit in which the order of removal was entered. See 8 U.S.C. § 1252(b)(2). The requirements for review of orders of removal, including the 30-day time limit, may be found in the statute. 8 U.S.C. § 1252(b)-(c).

To the extent that Petitioner may wish to challenge the constitutionality of his conviction or sentence, including the voluntariness of his guilty plea, the effectiveness of his counsel, or the length of his sentence, these challenges must be brought in a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("§ 2255"). The Second Circuit has stated that district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless the petitioner receives notice and an opportunity to withdraw. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998). A petition pursuant to § 2255 is subject to significant gate-keeping requirements, including proper exhaustion of claims, time limitations, and a bar against second or successive petitions. Moreover, a constitutional challenge to a federal sentence must be brought in the court in which the conviction and sentence were entered. As this Court would not have jurisdiction over a § 2255 petition challenging a conviction entered in the United States District Court for the District of New Jersey, the Court declines to construe the Petition as being brought under that provision. Should Petitioner seek

that form of relief, he may consider whether he should file such a petition in the District of New Jersey.

## CONCLUSION

As this Court has no jurisdiction to review Petitioner's claims under 28 U.S.C. § 2241 or § 2255, the Petition is dismissed without prejudice to refiling either as a petition pursuant to 28 U.S.C. § 2255 in the District of New Jersey or as a petition for review of removal proceedings in the appropriate court of appeals. The Clerk of Court is directed to close this case.

SO ORDERED.

/S/
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
April 19, 2007